UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KING PHARMACEUTICALS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CASE NO. 1:11-mc-0106-JMS-TAB |
| | ) |
| INTELLIJECT, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON NONPARTY'S MOTION TO QUASH SUBPOENAS**

This miscellaneous case involves a satellite discovery dispute arising from a patent infringement action in Delaware. Plaintiffs served two subpoenas on Medivative Technologies, LLC, a nonparty based in Indianapolis. The parties and Medivative appeared by counsel on September 22, 2011, for a telephonic status conference to address Medivative's motion to quash subpoenas. [Docket No. 1.] Based upon the arguments made, the Court grants in part and denies in part the motion to quash.

The two subpoenas at issue, as originally served, are overbroad and unduly burdensome. For example, the subpoenas lack date ranges and thus presumably are directed at the entire five-year relationship period between Medivative and Intelliject, Inc., the Defendant in the underlying action. As Medivative is not a party to the underlying litigation, this Court must carefully consider the breadth of and burdens imposed by the challenged subpoenas. *WM Hugh Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895–96 (S.D. Ind. 2006). Moreover, at least some of the information sought by Plaintiffs' subpoenas can be obtained from the Defendant in the underlying patent infringement action.

That being said, Plaintiffs made efforts to narrow the scope of their subpoenas after Medivative raised concerns. Of course, such efforts would have been more useful prior to serving the now-challenged subpoenas, and may have avoided this discovery dispute altogether. Nevertheless, the narrowed subpoenas unquestionably seek relevant documents, and Medivative must respond to the narrowed subpoenas as set forth below.

Page three of Plaintiffs' opposition to the motion to quash sets forth three topics and four categories of documents that Plaintiffs are now seeking by way of the contested subpoenas. [Docket No. 10 at 3.] Using this as a guidepost, the Court finds that the three general topics described fall within the bounds of discoverable information. Turning to the four specific categories of documents, the Court specifically finds:

(1) Topic No. 1 (videos concerning the testing of Intelliject's accused product and King's EpiPen product) is discoverable, and such videos are in the possession of Medivative, not Intelliject. Accordingly, responsive videos must be produced.

(2) Topic No. 2 (one version of each working prototype) is unquestionably relevant, and Medivative makes no argument that this topic is overbroad. Accordingly, responsive prototypes must be produced.

(3) Topic No. 3 (emails from Bryan Bowman to Jeff Schwegman) is not a broad request for all emails but rather is limited to emails between these project leaders/managers concerning the design or testing of the accused product and containing one or two key search terms. This request is narrowly tailored and responsive documents must be produced.

(4) Topic No. 4 (documents from the physical files of Bowman and Schwegman on a variety of topics, including kickback testing, as well as electronically stored files) is a much

broader request, and even as narrowed would impose an undue burden on nonparty Medivative. For example, the request is not limited to emails or ESI but requests that Medivative manually search physical files. Accordingly, responsive documents need not be produced except as to emails between Bowman and Schwegman concerning kickback testing.

The Court is mindful that these subpoenas will impose some burdens on Medivative. But the Court does not find the requests permitted, as narrowed, to be unduly burdensome on this nonparty. This conclusion is bolstered and in fact rests upon the Plaintiffs' stated willingness to incur reasonable costs associated with this production.

Accordingly, Medivative's motion to quash [Docket No. 1] is granted in part and denied in part. Medivative shall produce to Plaintiffs the documents and information noted above within 21 days from the date of this order, with Plaintiffs incurring reasonable costs associated with this production.

Dated: 10/20/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Benjamin J. Schladweiler
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DC 19801

Joshua P. Larsen
BARNES & THORNBURG, LLP
jplarsen@btlaw.com

Paul B. Hunt
BARNES & THORNBURG, LLP
paul.hunt@btlaw.com

Brian Scott Jones
BOSE MCKINNEY & EVANS, LLP
b.jones@boselaw.com

Craig Eldon Pinkus
BOSE MCKINNEY & EVANS, LLP
cpinkus@boselaw.com